**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TESSA ODESSA TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLYN B. SKEETE,<br><br>Defendant. | Civil Action No. 23-21046 (SDW) (ESK)<br><br>**WHEREAS OPINION**<br><br>October 16, 2023 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Tessa O. Taylor's ("Plaintiff") Complaint (D.E. 1 ("Complaint")) filed on October 10, 2023, and Application to Proceed *in forma pauperis* (D.E. 1-2 ("IFP Application")) filed on the same day; and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating that he or she is "unable to pay such fees," 28 U.S.C. § 1915(a)(1); and

**WHEREAS** Plaintiff's IFP Application indicates that she: (1) is employed and well educated; (2) has life, health, and motor vehicle insurance; (3) has a monthly income of $5,088; (4) has $4,400 in her checking accounts and a 2014 BMW worth approximately $10,000; and (5) has approximately $4,614 in monthly expenses for which she is now solely responsible since she recently separated from her husband. (*See generally* D.E. 1-2.)[1] The Complaint further specifies

---

[1] The IFP Application also specifies that Plaintiff has two 68-year-old parents, and that Plaintiff helps her ill mother who lives in Guyana. (*Id.* at 5.) The IFP Application, however, does not contain any information regarding the costs incurred by Plaintiff for caring for her mother.

1

that Plaintiff recently spent $2,400 to purchase a set of pots worth $4,215. (D.E. 1 at 3.) Because Plaintiff has failed to show that she is unable to pay the filing fee, this Court will deny her IFP Application; and

**WHEREAS** when a litigant petitions the district court to proceed without the prepayment of fees, the district court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). "[A] court has the authority to dismiss a case 'at any time,' regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application . . . simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 28 U.S.C. § 1915(e)(2)). Moreover, "courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). This duty exists "at all stages of the litigation," *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388–89 (3d Cir. 2002), and it can be raised *sua sponte* by the district court, *Nesbit*, 347 F.3d at 77 ("A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns."). Still, "*pro se* plaintiffs generally must be given an opportunity to amend the complaint." *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (citations omitted); and

**WHEREAS** the Complaint asserts that Plaintiff's ex-husband, Defendant, moved out of the couple's shared residence on or about September 30, 2023. (D.E. 1 at 3.) Before doing so, Defendant allegedly took—without consent—Plaintiff's new set of pots worth $4,215 and wig worth $318.68. (*Id.*) Plaintiff accordingly seeks damages in the amount of $4,533.68. (*Id.* at 4); and

**WHEREAS** "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by [the United States] Constitution and [federal] statute[s.]" *In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 911 F.3d 666, 670 (3d Cir. 2018) (second, third, and fourth alterations in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "The most common grounds for a federal court's jurisdiction are federal question jurisdiction and diversity jurisdiction." *Id.* (citing 28 U.S.C. §§ 1331, 1332); and

**WHEREAS** Plaintiff's quintessential conversion claim[2] plainly does not implicate "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Moreover, both the Complaint and civil cover sheet indicate that this Court lacks diversity jurisdiction—both parties are citizens of New Jersey and the amount in controversy is well below the statutory threshold. *See* 28 U.S.C. § 1332(a).  Consequently, the Complaint must be dismissed for want of jurisdiction; therefore,

Plaintiff's IFP Application is **DENIED**, and the Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**.  Plaintiff shall have thirty (30) days to file an amended complaint.  Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice.  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
    Edward S. Kiel, U.S.M.J.

---

[2] "[C]onversion is the intentional exercise of dominion and control over chattel that seriously interferes with the right of another to control that chattel." *Meisels v. Fox Rothschild LLP*, 222 A.3d 649, 661 (N.J. 2020) (citing *Chi. Title Ins. Co. v. Ellis*, 978 A.2d 281, 287 (N.J. Super. Ct. App. Div. 2009)).